UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE WEAVER,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>RON LLOYD CONNELLY,<br><br>　　　　　　Defendant. | No.  2:14-cv-1800 MCE AC<br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

　　　Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

　　　By Findings and Recommendations filed on September 16, 2014, the undersigned recommended dismissal of this action without prejudice for plaintiff's failure to respond timely to an August 4, 2014 order (ECF No. 3) to file an in forma pauperis affidavit or to pay the appropriate filing fees. ECF No. 6.  Plaintiff has filed a motion for an extension of time to file objections to those findings and recommendations.  ECF No. 9.

　　　The court, however, will instead vacate the September 16, 2014 findings and recommendations and will deny plaintiff's motion as moot.  Upon a review of the pending complaint, the court has determined that this action should be summarily dismissed. Accordingly, no filing fee will be assessed.

1

  Screening Requirement

  The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

  A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

  A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "The pleading must contain something more. . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-35 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421(1969).

////

Plaintiff's Allegations

Plaintiff has named Ron Lloyd Connelly, identified as a judge of the Sacramento Superior Court, as the sole defendant in his complaint. Plaintiff alleges that on June 29, 2012, he sent a notice of motion and motion to set aside a verdict of guilty to Judge Connelly's courtroom as well as to the appellate court. Plaintiff sought dismissal of all charges. Defendant Connelly denied all of plaintiff's pro per motions. Plaintiff alleges that he has been the victim of unspecified conspiracies and discrimination by the defendant and that Judge Connelly showed "deliberate indifference under the color of state law." Plaintiff asks that his case be reviewed and seeks money, including punitive, damages. ECF No. 1.

Habeas and § 1983

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. 1979, as amended, 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475, 500 [] (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action.

Muhammad v. Close, 540 U.S.749, 750 (2004) (per curiam).

To the extent that plaintiff seeks to challenge his conviction or sentence, he must proceed by way of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

*Heck* Bar

As to a civil rights action pursuant to 42 U.S.C. § 1983, a prisoner may not proceed under this statute if a judgment favoring plaintiff "would necessarily imply the invalidity of his conviction or sentence." Heck v. Humphrey, 512 U.S. 477, 487 (1994). In such a case, plaintiff is foreclosed from proceeding absent proof that the conviction or sentence has been reversed, expunged or invalidated. Id. at 486-487. This rule applies equally to claims for damages and to § 1983 complaints seeking injunctive relief. Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005).

Plaintiff's claims of conspiracy, discrimination and deliberate indifference by the judge necessarily imply the invalidity of his conviction. Accordingly, he may not proceed under § 1983 absent a showing that the conviction has been reversed or invalidated.

3

*Absolute Immunity*

Moreover, as to any putative civil rights action against Judge Connelly for money damages, plaintiff is informed that the Supreme Court has held that judges acting within the course and scope of their judicial duties are absolutely immune from liability for damages under § 1983. Pierson v. Ray, 386 U.S. 547 (1967). The acts plaintiff describes fall within the broad jurisdiction accorded judges. A judge is "subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" Stump v. Sparkman, 435 U.S. 349, 356-7 (1978), quoting Bradley v. Fisher, 13 Wall. 335, 351 (1872). Accordingly, plaintiff here seeks relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1),(2).

Summary Dismissal

"Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely." Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000). See also, Smith v. Pacific Properties and Development Corp., 358 F.3d 1097, 1106 (9th Cir. 2004) (citing Doe v. United States, 58 F.3d 494, 497(9th Cir.1995) ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.")). The undersigned can discern no manner in which the defects of the complaint could be cured by amendment. The court will recommend summary dismissal of this action without leave to amend for plaintiff's failure to state a claim.

Accordingly, IT IS ORDERED that:

1. The Findings and Recommendations, ECF No. 6, filed on September 16, 2014, are hereby VACATED; and

2. Plaintiff's motion for an extension of time to file objections to the September 16, 2014 Findings and Recommendations is denied as moot.

IT IS RECOMMENDED that this action be summarily dismissed without leave to amend for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days

after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 20, 2014

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE